COLLINS, Appellant, vs. MORRISON, Respondent.

*October 22 — November 8, 1895.*

*Counterclaim: Landlord and tenant.*

In replevin by a lessor to obtain possession of his lessee's furniture,
under a provision of the lease authorizing it to be taken and sold
to satisfy unpaid rent, the lessee may counterclaim for damages
for breach of the lessor's covenant, in the same lease, to keep the
demised premises in repair.

APPEAL from a judgment of the circuit court for Douglas. county: R. D. MARSHALL, Circuit Judge. *Affirmed.*

The action is replevin. Plaintiff rented a dwelling house to defendant for a boarding house. The payment of the. rent and the fulfilment of the conditions of the lease were expressly made a charge and lien upon all the household furniture of the defendant, by the terms of the lease itself, with the right to take, hold, and sell to satisfy rent remaining unpaid. The lease also contained an agreement by the plaintiff to repair and keep in repair the roof of said building. There was rent unpaid. The plaintiff made demand for the possession of the furniture, which was denied, and he brought this action. The defendant alleged, both by way of defense and counterclaim, a breach of the agreement to repair, and damages by reason of the breach to an amount exceeding the rent due. There was a trial of these issues, which resulted in a verdict for the defendant. From a judgment on the verdict the plaintiff appeals.

*W. M. Steele,* for the appellant, contended, *inter alia,* that there is no allegation or proof that the counterclaim relates to, or is in any way connected with, the goods, the right to the possession of which is in controversy in this action, hence it is not connected with the subject of the action within the meaning of the statute. *Scheunert v. Käehler,* 23 Wis. 523; Bliss, Code Pl. § 126; *Sprout v. Crowley,* 30 Wis. 187; *Lovensohn v. Ward,* 45 Cal. 10; sec. 2656, S. & B. Ann. Stats. A counterclaim as such is not available in replevin, nor may unliquidated damages be pleaded as a counterclaim or setoff to defeat recovery therein. Pomeroy, Remedies (2d ed.),. § 767; 7 Wait, Act. & Def. 484; *Goslin v. Redden,* 3 Harr.. (Del.), 21; 22 Am. & Eng. Ency. of Law, 240, and cases cited in note 5; Id. 401, 402, note 1; *Kennett v. Fickel,* 41 Kan. 211; *Singer Mfg. Co. v. Smith,* 40 S. C. 529; *Talbott & Sons v. Padgett,* 30 id. 167; secs. 2656, 4258, S. & B. Ann. Stats.; *Holzhausen v. Parkhill,* 85 Wis. 446.

For the respondent the cause was submitted on the brief of *John B. Arnold.*

NEWMAN, J. The plaintiff's contentions seem to show that the allowance of .the defendant's counterclaim is the source and spring of the wrongs under which he suffers. Indeed, it appears by a careful examination of the whole case and the errors claimed that, if the counterclaim could properly be supported as a proper pleading in the action, then the importance of the assigned errors, and the errors themselves, disappear. For it appears that, assuming the competency of the counterclaim, the trial was void of any substantial error.

This was an action of replevin, something in the nature of a distress of goods for the nonpayment of rent. The counterclaim was founded on a breach of a covenant in the same lease which was the foundation of plaintiff's claim for rent. The ulterior or secondary object of the action was the collection of rent. If the action had been directly and primarily for the collection of the rent, there would be no question of the defendant's right to counterclaim damages for the breach of her landlord's covenant to keep the demised premises in repair. Her claim would have been, clearly, "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." R. S. sec. 2656, subd. 1. But, although the form of plaintiff's action is replevin, his cause of action arises out of the contract of lease, and its real object is the recovery of rent. The defendant's counterclaim also arises out of the lease, and its object is to show that, by the conditions of the lease itself, no rent is due. So, it would seem that, literally and strictly, the counterclaim arises out of the contract which is the foundation of the plaintiff's claim, and so is strictly within the words of the statute. It would add nothing to

say, also, that it is closely connected with the subject of the action, which is the collection of rent claimed to be due upon this contract.

The principle which governs such a case is stated in Pomeroy, Code Remedies (3d ed.), § 788, as follows: "Whenever the facts are such that an election is given to the plaintiff to sue in form either for a tort or on contract, and if he sues on contract the defendant may counterclaim for damages for the breach of that contract, the same counterclaim may also be interposed when the suit is in form for the tort: the facts being exactly the same in both phases of the action, the counterclaim would clearly arise out of the *real transaction*, which was the foundation of the plaintiff's demand." And it has been held that in actions of replevin to recover goods distrained for rent any damage growing directly out of the contract of leasing may be offset against any claims for rent due. Cobbey, Replevin, §§ 48, 736, 791, 794, and cases cited in notes. And it has been held by this court that in an action by the landlord against the tenant, founded upon the the lease, to recover damages from the tenant for the carrying away of sundry articles which were claimed to be a part of the demised premises, the tenant might counterclaim for certain articles belonging to him which the landlord retained and refused to permit him to remove. It is said that it may fairly be said to be a cause of action which "arises out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim. It grew directly out of the misunderstanding between the parties as to their respective rights under that contract." *Vilas v. Mason,* 25 Wis. 310; *Gilbert v. Loberg,* 86 Wis. 661.

The counterclaim was competent. There is no substantial error found in the record.

*By the Court.*— The judgment of the circuit court is affirmed.

MARSHALL, J., took no part.