Anderson, Administratrix, Respondent, vs. Anderson, Appellant.

*September 9—September 29, 1908.*

*Witnesses: Competency: Transactions with person since deceased: Order of proof: Surrebuttal.*

1. In an action by an administratrix upon notes given to her intestate, the defendant was incompetent, in the first instance, under sec. 4069, Stats. (1898), to testify to a transaction or communication personally had with the intestate; but when the plaintiff, in rebuttal, examined witnesses as to such a transaction, defendant's disqualification or incompetency as to that particular transaction was removed and he had the right to testify concerning the same on surrebuttal.

2. The ordinary rule as to the order of proof, being a mere rule of convenience, must in such a case yield to the rule of the statute, and defendant's testimony should not be excluded on the ground that it is not rebuttal.

Appeal from a judgment of the circuit court for Richland county: George Clementson, Circuit Judge.   *Reversed.*

The cause was submitted for the appellant on the brief of *L. H. Bancroft,* and for the respondent on that of *F. W. Burnham.*

Among other references upon the part of the appellant

were the following: Sec. 4069, Stats. (1898); *Daniels v. Foster,* 26 Wis. 686; *Belden v. Scott,* 65 Wis. 425, 27 N. W. 356; *Stewart v. Stewart,* 41 Wis. 624; *Adams v. Allen,* 44 Wis. 93; *Page v. Danaher,* 43 Wis. 221; *Sawyer v. Choate,* 92 Wis. 533, 66 N. W. 689; *Harrington v. Priest,* 104 Wis. 362, 80 N. W. 442; *Allen v. Chippewa Falls,* 52 Wis. 430, 9 N. W. 284; *Ward v. Henry,* 19 Wis. 76; *Gores v. Graff,* 77 Wis. 174, 46 N. W. 48; *McArthur v. Slauson,* 53 Wis. 41, 9 N. W. 784; *David v. Birchard,* 53 Wis. 492, 10 N. W. 557; *Fisher v. Shelver,* 53 Wis. 498, 10 N. W. 681; *U. S. Exp. Co. v. Jenkins,* 64 Wis. 542, 25 N. W. 549; *Imhoff v. C. & M. R. Co.* 20 Wis. 344; *Randall v. N. W. Tel. Co.* 54 Wis. 140, 11 N. W. 419.

TIMLIN, J.   The parties are sister and brother, children of John J. Anderson, deceased, and the respondent is his administratrix.   She found among the effects of deceased six notes signed by the appellant and payable to the deceased, all bearing date January 1, 1893, all to draw interest from January 1, 1896, one payable in five, one in six, one in seven, one in eight, one in nine, and one in ten years after date. The four notes first maturing were for $100 each and the two last maturing for $200 each.   The trial court held that the two notes first maturing were barred by the statute of limitations and no question is made upon this ruling.   Judgment against the appellant was rendered in favor of the administratrix upon the other four notes.

After the plaintiff had offered evidence, exclusive of some evidence properly ruled out because relating to transactions with John J. Anderson, deceased, tending to show that on October 11, 1892, the deceased conveyed to the appellant by warranty deed a certain piece of land for $1,600, and the appellant on the same day executed back to the deceased a mortgage for the sum of $1,000, and that the notes in question and this deed were in the handwriting of one White, and

that notwithstanding the discrepancy in date and other discrepancies the notes aforesaid were the notes secured by the mortgage aforesaid, the appellant offered in evidence an instrument satisfying the mortgage and bearing date September 26, 1904. Appellant also offered evidence tending to show the execution of the instrument of satisfaction and that the deceased in his lifetime admitted that he had had a settlement with appellant and therefore would sign the satisfaction. Testimony in rebuttal was offered by the respondent tending in some measure to controvert the testimony of defendant's witnesses relative to the transaction of settlement with deceased. The testimony on this point relates to what was said and omitted to be said and to the condition of the decedent at the time of the execution of the satisfaction, which took place in the presence of the appellant and one Dr. Booher and the heirs at law, William J. Anderson and Madge Lee. The latter testified:

"I remember of Mr. Herlihy and Dr. Booher and my brother John being there with a paper two days before he died. I was present at the time they were there. There was no conversation between my father and Dr. Booher. Q. Was your father able to talk at all? A. He was not able to talk loud. He could merely motion. He could just make a sound."

William J. Anderson, on the part of the respondent, also gave some testimony regarding this transaction of signing the satisfaction piece. At the close of respondent's rebuttal evidence the appellant was recalled and asked whether at the time of the execution of the satisfaction of the mortgage he was present, and whether he heard his father have any conversation with Dr. Booher. This was objected to as not rebuttal and the objection was sustained.

The appellant contends that it was error to strike out the evidence of *John C. Anderson* on surrebuttal. *John C. Anderson* was a party to this action and therefore incompetent,

under sec. 4069, Stats. (1898), to testify to transactions or communications personally had with John J. Anderson, deceased. The trial court properly excluded his evidence concerning such transactions and communications in the first instance. In any action, before the plaintiff has given, or has been permitted to give, his testimony with reference to a transaction or communication by him had with such deceased person as is described in sec. 4069, Stats. (1898), if the defendant examine witnesses concerning the same transaction (whether the defendant's witnesses so examined are competent or not), the plaintiff has by force of this statute his disqualification or his incompetency as to that particular transaction removed and he may testify concerning it. It would be quite unjust and contrary to the provisions of sec. 4069, Stats. (1898), to permit the plaintiff in rebuttal of the defendant's defense to produce witnesses to such transaction or communication and then deny the defendant's right to testify concerning this same transaction on surrebuttal. The defendant was first made competent by the act of the plaintiff in introducing witnesses upon this subject in rebuttal, and the rule of the order of proof, being a mere rule of convenience, must yield to the rule of the statute.

For the error in excluding the testimony of the defendant in surrebuttal concerning this transaction with the deceased the judgment must be reversed.

*By the Court.*—The judgment of the circuit court is reversed, with costs, and the cause remanded for a new trial.