WEISSMAN, Administratrix, Respondent, vs. WEISSMAN, Appellant.

*January 16—February 3, 1914.*

*Gifts: Evidence: Witnesses: Competency: Transaction with person since deceased: Executors and administrators: Actions: Setoff.*

1. In replevin against the father of plaintiff's deceased husband, the question being whether or not defendant gave the property in question to the deceased, plaintiff was not incompetent to testify that, when defendant brought the property to the farm on which she and her husband resided, he said he gave it to them and they could do what they liked with it—there being no showing that the deceased was present when that statement was made or that it was any part of any communication or transaction between the defendant and the deceased or between the witness and the deceased.

2. A creditor of a decedent cannot take possession of personal property of the estate after the death of the owner and then, in the consequent replevin action by the administrator, offset his demand against the deceased. Sec. 3847, Stats., does not apply to such a case.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Olen & Olen,* and oral argument by *O. L. Olen.*

*P. J. Winter,* for the respondent.

TIMLIN, J.   This action of replevin is brought by the respondent as administratrix of the estate of her husband, William Weissman, deceased. She also avers that she is the sole heir of her deceased husband. The defendant, *Herman Weissman,* was the father of William Weissman and took possession of the personal property after the death of the latter. He denies the ownership of the respondent and pleads a counterclaim for $400 for rent due to him from deceased for a certain farm and for the personal property in question under an alleged oral leasing thereof by him to his son.

The first error assigned is upon the admission of the testimony of the plaintiff, said to be incompetent to testify to transactions or communications with her deceased husband. "*Q.* At the time *Herman Weissman* brought this personal property over to the farm, what if anything did he say about who should be the owner of that personal property?" Objection, etc.; to which the court answered: "There is no transaction with a deceased person so far." Objection overruled. The witness, speaking through interpreter, testified: "He said he gave all the property to them and they could do what they liked with it." The court seemed to doubt the competency of the witness to testify to this. Counsel for plaintiff stated that it was merely the admission made by the defendant; whereupon the objection was overruled. It is contended that the plaintiff was more than a mere bystander, that she was the wife of the deceased and participated in the transaction by receiving an interest in the gift. Although the plaintiff claimed title under or through the deceased it was not shown that the decedent was present at the time this

admission was made or that the admission was part of any communication or transaction between the defendant and the deceased or between witness and deceased. Counsel should have brought out the fact, if it was a fact, that the decedent was present, or that the alleged admissions were part of a communication or transaction between defendant and deceased. This he neglected to do.

Testimony of several other witnesses not parties or otherwise incompetent was received relative to admissions of the defendant to the· effect that he had given the property in question to his son, and defendant's counsel on cross-examination succeeded in bringing out additional evidence tending to show a gift which would have been incompetent had it been offered by the other side and objected to. It is said that the defendant was not permitted to rebut this testimony of plaintiff, but we do not find this borne out by the record.

When the defendant took the stand as a witness it was attempted to be shown by him that he did not give the personal property in question to his deceased son, and upon objection this testimony was properly excluded. There was no question that the alleged donee was in possession either as donee or lessee. One of the defendant's sons testified that he was present at a conversation between the defendant and plaintiff's decedent in which there was made an oral agreement that the decedent should rent from defendant a farm and this personal property for a term of two years at $200 per year, and there was some other evidence tending to establish that agreement. The court instructed the jury to disregard the counterclaim. The cause of action for replevin arose after the death of plaintiff's decedent. The counterclaim did not arise out of the same transaction nor was it in the nature of a mutual claim. Sec. 3847, Stats., relates to a different class of cases. To permit a creditor of decedent to capture personal property of the estate after the death of the owner and then offset his demand against deceased in the

consequent replevin by the administrator, would tend to defeat the *pro rata* distribution of estates among creditors of the decedent and would not come within the statutes relative to counterclaims or setoffs. Cases like *Collins v. Morrison,* 91 Wis. 324, 64 N. W. 1000, are distinguishable. The demand for rent existing against the decedent should have been filed as a claim in the county court and there was no error in rejecting the counterclaim in this action, which ruling was in legal effect a nonsuit.

We find no errors in the instructions of sufficient gravity to call for reversal, and upon the main issue the case seems to turn upon a question of fact resolved by the jury against the appellant.

*By the Court.*—Judgment affirmed.