ENWRIGHT, Administratrix, Respondent, vs. GRIFFITH, Appellant.

*April 5—April 29, 1919.*

*Limitation of actions: Contracts between husband and wife: Note maturing before marriage: Continued running of statute: Effect of partial payment: Evidence: Transactions with person since deceased.*

1. The rule that the statute of limitations does not run between husband and wife on contracts made by them during coverture does not apply to contracts made, and upon which the statute had commenced to run, before coverture.

2. Where a promissory note was given by husband to wife, and the statute of limitations had commenced to run upon it, before their marriage, the statute continues to run after the marriage, and a payment made, during the marriage, upon the note before it was barred does not prevent its becoming barred six years later. Such a payment does not have the effect of making a new contract, but is merely a recognition of the old obligation, operating as an extension of the time of payment. [Whether, if such a payment were made during the marriage and after the note was barred, the statute would still continue to run, is not decided.]

3. Testimony of a husband, in a proceeding to contest his wife's will, respecting a payment by him, during coverture, upon a note which he had given to her before their marriage, was admissible when offered in evidence by her administratrix in an action against him on the note; but after the admission of such testimony it was competent for the husband, under sec. 4069, Stats., to explain or contradict it.

APPEAL from a judgment of the county court of Waukesha county: DAVID W. AGNEW, Judge. *Reversed.*

For the appellant there was a brief by *Lockney & Lowry* of Waukesha, attorneys, and *C. H. Van Alstine* of Milwaukee, of counsel, and a supplemental brief by *Lockney & Lowry;* and the cause was argued orally by *Mr. J. K. Lowry* and *Mr. Van Alstine.*

For the respondent there was a brief by *Hennessey, Hennessey & O'Boyle* of Milwaukee, attorneys, and *Vincent D. Hennessey* of counsel, and oral argument by *Vincent D. Hennessey.*

KERWIN, J.    This action was brought upon a promissory note dated August 26, 1898, for $600, made by defendant, due one year after date, payable to one Agnes Enwright. After the execution of said note and in August, 1900, the defendant and Agnes Enwright married and were husband and wife until the death of Agnes on April 9, 1914. The plaintiff here is administratrix of the estate of Agnes Enwright. Judgment was entered in the court below in favor of the plaintiff and against the defendant, from which this appeal was taken.

Several errors are assigned which raise the points hereinafter considered.

1. Mrs. Griffith left a will which was contested by defendant and the children of Mr. and Mrs. Griffith.    On the contest defendant was sworn, testified, and parts of his testimony in the will-contest case offered and received under objection in the instant case.    This evidence was offered for the purpose of showing payment upon the note by defendant after his marriage to the deceased.    The evidence as to payment on the note was very indefinite, but, assuming that it was sufficient to prove that a payment had been made by defendant to Mrs. Griffith personally on the note in suit, such payment was made before the statute of limitations had run

and at a date more than six years before the commencement of this action. It is unnecessary to decide, and we do not decide, whether, if payment were made during coverture upon the note in suit after the statute had run upon it, the statute would still continue to run during coverture and after such payment.

In the instant case it is established that the statute had not run when the alleged payment was made. The note was given before marriage, became due before marriage, and the statute had run upon it about a year before marriage. If any payment were made on the note it was made not later than 1904 and the suit was brought in 1917, so if the statute continued to run during coverture the note was barred and no action could be maintained thereon.

It is true this court has held that the statute of limitations does not run between husband and wife on contracts made by them during coverture. But we think this rule should not be extended so as to cover contracts made before coverture and when the statute had commenced to run before coverture.

It is well settled at common law that where the statute begins to run it continues unless interrupted by statutory provision. Our statute of limitations, sec. 4233, exempts from its operation (1) persons under twenty-one years of age, (2) insane persons, and (3) persons imprisoned on a criminal charge or in execution under sentence of a criminal court for less than his natural life. We are convinced that the rule of public policy laid down by this court to the effect that the statute of limitations does not run between husband and wife on contracts made by them during coverture, does not apply to cases where the contract was made before coverture and the statute commenced to run before marriage. *Charmley v. Charmley,* 125 Wis. 297, 103 N. W. 1106; *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681; *Fawcett v. Fawcett,* 85 Wis. 332, 55 N. W. 405; *Dekay v. Darrah's Adm'rs,* 14 N. J. Law, 288.

But it is contended that the alleged payment had the effect of making a new contract at the time of payment and that, such payment being made during coverture, the statute did not thereafter run upon the note. This contention cannot be sustained. The payment was merely a recognition of the old obligation and operated as an extension of the time of payment. *Engmann v. Estate of Immel,* 59 Wis. 249, 18 N. W. 182; sec. 4247, Stats.; *Marshall v. Holmes,* 68 Wis. 555, 559, 32 N. W. 685; *Lyle v. Esser,* 98 Wis. 234, 73 N. W. 1008; *Hughes v. Thomas,* 131 Wis. 315, 111 N. W. 474. The effect of part payment before the statute has run is to continue the old obligation, which is governed by the status of the parties at the time the contract was made, and hence the statute continued to run. The record shows that the payment, if any were made on the note, was made when Mrs. Griffith came into possession of the property, which was in 1904. Counsel for respondent concedes that the alleged payment was made in January, 1904.

It is further contended by appellant that it was error to admit in evidence the testimony of defendant taken in the will contest respecting payment on the note. This evidence was competent and there was no error in receiving it. *Weissman v. Weissman,* 156 Wis. 26, 145 N. W. 230; *Voelkel v. Supreme Tent K. M. W.* 116 Wis. 202, 92 N. W. 1104; *Crowe v. Colbeth,* 63 Wis. 643, 24 N. W. 478; *Woodworth v. Mills,* 61 Wis. 44, 20 N. W. 728; *Hunter v. Gibbs,* 79 Wis. 70, 48 N. W. 257; 16 Cyc. 977. But the court excluded evidence offered by appellant tending to contradict and explain such evidence, on the ground that it was not admissible because it involved a transaction with the deceased. Secs. 4068, 4069, and 4070, Stats. In this regard the court was in error. The evidence offered by plaintiff and received related to the payment alleged to have been made by defendant to Mrs. Griffith during her lifetime and opened the door for the evidence offered by defendant and it should have been received. Sec. 4069, Stats.; *Estate of Gil-*

*bert,* 167 Wis. 291, 166 N. W. 442, 167 N. W. 447; *Currie v. Michie,* 123 Wis. 120, 101 N. W. 370; *Moore v. May,* 117 Wis. 192, 94 N. W. 45; *Anderson v. Anderson,* 136 Wis. 328, 117 N. W. 801; *Smith's Appeal,* 52 Mich. 415, 18 N. W. 195.

But in the view we take of the case, as hereinbefore shown, the note was barred upon the plaintiff's showing, and therefore a verdict should have been directed for the defendant.

*By the Court.*—The judgment is reversed, and the cause remanded with instructions to enter judgment for the defendant.